**SO ORDERED.**

**SIGNED this 16 day of December, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

CARROLL E. VOLIVA,                           CHAPTER 13
CHERYL J. VOLIVA,                            CASE NO.  10-10031-8-RDD

       DEBTORS

**ORDER OVERRULING OBJECTION TO CLAIM OF EXEMPT PROPERTY**

Pending before the Court is the Objection to Claim of Exempt Property (the "Objection") filed by L.D. Amory & Co. Inc., O'Neal's Sea Harvest, Inc., Homer Smith Seafood, Inc. and Garland Fulcher Seafood (the "Creditors") on May 9, 2011.  Carroll E. Voliva and Cheryl J. Voliva (the "Debtors") filed the Response to the Creditors Objection on May 26, 2011.  The Court conducted a hearing on December 6, 2011 in Wilson, North Carolina to consider the Objection and the Response.

**BACKGROUND**

The Debtors filed a joint petition under Chapter 13 of the Bankruptcy Code on December 7, 2010.  In Schedule C, the Debtors claimed as exempt real property located at 538 Jones Road, Vandemere, North Carolina, 28587 with a fair market value of $39,055.00 (the "Property") and a

1999 NOMAD M-3710 mobile home (the "NOMAD") with a fair market value of $8,305.00 pursuant to N.C.G.S. § 1C-1601(a)(1). According to Schedule C, the NOMAD sits on the real property at 538 Jones Road, Vandemere, North Carolina, 28587. The Debtors jointly claim $70,000.00 in the Property as exempt pursuant to N.C.G.S. § 1C-1601(a)(1).

The Creditors object to the Debtors' claim of exemption in the Property because they allege the Property is not the Debtors' principal residence; the Debtors are not residing on the Property; and the Debtors have not obtained the required building, zoning, or sewer permits to allow a single-wide trailer to be located on the property.

In response to the Objection, the Debtors assert they meet the requirements of the North Carolina exemption statute as a mobile or manufactured home or trailer is considered a residence pursuant to 11 U.S.C. § 101(13A) and the Debtors reside on the Property.

At the hearing on December 6, 2011, Cheryl Voliva, the female debtor, testified that although the Debtors were not presently able to live on the Property because of damage caused by Hurricane Irene, the Debtors considered the Property their residence on the petition date. Mrs. Voliva testified that prior to the petition date she stayed in the NOMAD and her husband slept in an office on property immediately adjacent to the Property. Mrs. Voliva explained that Mr. Voliva spent nights in his office because of the tight quarters in the NOMAD but stated the two ate meals and received guests in the NOMAD. Mrs. Voliva testified that on the date of the petition, she and her husband were not staying on the Property because Mr. Voliva's medical condition required them to move to nearby New Bern, North Carolina. Mrs. Voliva testified that the couple temporarily stayed with their son in New Bern in July 2010 because Mr. Voliva needed kidney dialysis on a daily basis. However, the Debtors continued to receive their mail in Vandemere and the NOMAD was serviced

by electricity, water, and sewer. Mrs. Voliva testified that the couple intended to return to the Property once they were able to set up suitable housing where Mr. Voliva could carry out his dialysis at home. In preparation for their return to the Property, the Debtors had a single-wide trailer placed on the Property and began making repairs to it. Mrs. Voliva also testified that at all times since the NOMAD trailer was put on the Property in 2007, the NOMAD has been connected to electric, water, and sewer utilities.

Further testimony of Mrs. Voliva revealed that at the time of the hearing, the Debtors were unable to live on the Property. Mrs. Voliva testified that in August 2011, the Debtors were forced to evacuate Eastern North Carolina because of Hurricane Irene. When the Debtors returned to the Property, they found that both the NOMAD and the single-wide trailer were destroyed and could not be occupied. The single-wide trailer had been split in two by the hurricane. Mrs. Voliva testified that in an effort to clean up the damage and in reliance on promises of disaster relief from the Federal Emergency Management Agency, the Debtors burned the remains of the NOMAD and the single-wide trailer. As such, the Debtors were unable to live on the Property as of the hearing date because there was no inhabitable structure on the Property.

The Creditors argued at the hearing that Mrs. Voliva's testimony was insufficient to establish the Debtors' residence at the Property. In support of this argument, the Creditors offered evidence to suggest that the Pamlico County Building Inspection Department never issued the required permits to allow the Debtors to place a single-wide trailer on the Property. In light of this, the Creditors argue that the single-wide trailer was on the Property in violation of the Pamlico County Building Code, which suggests the Debtors were not living on the Property, but merely moved the mobile home there to make use of the North Carolina homestead exemption.

## DISCUSSION

"Bankruptcy Rule 4003(c) provides that, in cases involving objections to exemptions, 'the objecting party has the burden of proving that the exemptions are not properly claimed.'" *In re Britt*, 368 B.R. 471, 474 (Bankr. E.D.N.C. 2007). "This burden must be established by a preponderance of the evidence." *In re Man*, 428 B.R. 644, 653 (Bankr. M.D.N.C. 2010). (citing *In re Sheeran*, 369 B.R. 910, 918 (Bankr. E.D. Va. 2007); *In re McCashen*, 339 B.R. 907, 909 (Bankr. N.D. Ohio 2006)). Furthermore, "[e]xemptions are to be liberally construed in favor of the debtor." *In re Kincade*, No. 10-02462-8-RDD, 2010 WL 3745901 at *2 (Bankr. E.D.N.C. Sept. 20, 2010) (citing *In re Mims*, 49 B.R. 253 (Bankr. E.D.N.C. 1985)).

In determining a debtor's claimed exemptions, the Court must look to North Carolina law as only the exemptions provided in the North Carolina General Statutes are applicable for the purposes of the Bankruptcy Code. N.C. Gen. Stat. § 1C-1601(f) (2010). The North Carolina General Statutes provide that:

> [e]ach individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors: (1) The debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property or personal property that the debtor or a dependant of the debtor uses as a residence . . . .

N.C. Gen. Stat. § 1C-1601(a)(1) (2010). In order to qualify under this exemption, property claimed as exempt must be the debtor's residence. 11 U.S.C. § 101(13A) provides:

> The term "debtor's principal residence" —
> (A) means a residential structure *if used as the principal residence by the debtor*, including incidental property, without regard to whether that structure is attached to real property; and
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer *if used as the principal residence by the debtor*.

11. U.S.C. § 101(13A) (2010).

Furthermore, in classifying a residence, this Court has determined that residence is defined as "'the act or fact of dwelling in a place for some time,' and as 'a building used as a home.'" *In re Stox*, No. 10-08123-8-RDD, 2011 WL 5902882 at *4 (Bankr. E.D.N.C. May 27, 2011) (quoting *merriam-webster.com*).

As the parties objecting, the Creditors must prove by a preponderance of the evidence that the Debtors are not entitled to claim the Property and the NOMAD exempt. The Court finds that the Creditors have not met the burden of proof necessary to sustain the Objection to the Debtors' exemption. It is clear that the Debtors' NOMAD trailer falls within the definition of a residence because the definition includes mobile homes or trailers "without regard to whether" the structures are "attached to real property." 11 U.S.C. § 101(13A) (2010). Therefore, the question that remains is whether the Debtors used the NOMAD trailer and the Property as a residence on the date the petition was filed.

Mrs. Voliva testified that for approximately ten years prior to the petition date, the Debtors lived on the Property and considered it as their residence. Mrs. Voliva also testified that while she was not staying at the Property on the date of the filing of the petition, she and Mr. Voliva intended to return to the Property once his medical treatments were under control. In addition, the Debtors produced evidence indicating a certificate of occupancy was issued by the town of Vandemere for the Debtors to occupy a one story manufactured home on the Property.[1] This is consistent with Mrs. Voliva's testimony that the Debtors planned to return to the Property once they had a space suitable

---

[1] Debtors' Exhibit 2 was a certificate of occupancy from the town of Vandemere dated April 4, 2011, finding that Carroll Voliva was in compliance with the Vandemere zoning ordinances in order to erect a one story manufactured home to be used as a residence. This corroborates Mrs. Voliva's testimony that the Debtors intended to fix up the single-wide trailer on the Property and reside in it.

for Mr. Voliva's dialysis treatments. Further evidence that the Property was used as the Debtors' residence includes the fact that water, sewer, and electric utilities were all active on the Property in the Debtors' names for approximately ten years prior to the petition.[2] The Debtors received their mail in Vandemere for approximately ten years prior to the petition as well. Finally, Mrs. Voliva testified that the Debtors ate meals on the Property and received guests there, indicating the Debtors used the Property as their home during that time.

Based on Mrs. Voliva's testimony, the Court finds the Property was the Debtors' residence on the date of the filing of the petition. Though the Debtors were not living in the NOMAD on the date they filed the petition, they had the intent to return to the Property as soon as there was a home large enough and suitable for Mr. Voliva to receive his kidney dialysis. The testimony established that the Debtors resided on the Property for a number of years prior to the date of the petition and used the Property in a manner suggesting it was their home.

The only evidence the Creditors produced to negate the Debtors' residency on the Property at the time of the filing of the petition was a letter stating the Debtors resided on the Property in violation of the Pamilco County Building Inspection Department.[3] This evidence suggested that the Debtors were on the Property in violation of the Pamlico County Building code. However, it confirmed the fact that the Property was the Debtors' residence because it stated the Debtors were "residing" on the Property in violation of county regulations.

---

[2] Debtors' Exhibit 1 was a bill from the Pamilco County Water Department for property at Voliva Lane dated February 28, 2011.

[3] Creditors' Exhibit A, a letter from the Pamlico County Building Inspection Department states, "Please be advised that Carroll & Cheryal Voliva *residing* at 538 Jones Rd, Vandemere NC 28587 has [sic] not obtained a building permit, zoning permit, or a sewer permit for the singlewide trailer." (Emphasis added).

The Creditors' argument that the single-wide trailer was placed on the Property in order to make use of the North Carolina exemption fails because Mrs. Voliva testified that the Debtors did not acquire an interest in the single-wide trailer until a date well after the date petition was filed. The Debtors had no interest in the single-wide at the commencement of the case, as required by 11 U.S.C. § 541(a). Therefore, the single-wide's presence on the Property has no bearing on the exemption claimed in the Property and the NOMAD other than to corroborate Mrs. Voliva's testimony that the Debtors intended to return to the Property. Additionally, because the evidence was insufficient to support the suggestion that the NOMAD was placed on the Property to make use of the North Carolina exemption, this suggestion also fails. Mrs. Voliva testified that she and her husband had lived in the NOMAD for some time prior to the date the petition was filed, which requires a finding that the NOMAD was the Debtors' residence. Thus, there is no evidence to support a finding that the exemption in the Property and the NOMAD was fraudulently claimed.

Therefore, the Court finds the Creditors did not show by a preponderance of the evidence that the Property was not the Debtors' residence. The Court finds the Property was used as the Debtors' residence at the time of the filing of the petition and the Debtors used the Property as their home. The Objection is **OVERRULED.** The Debtors' claim of exemption of up to a value of $70,000.00 in the Property is allowed.

**SO ORDERED**.

**END OF DOCUMENT**